Nelson **MALDONADO–CASTRO**; Seyda Mirella **Mejia–Almendarez**,
Petitioners,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 02–74389.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.[*]

Decided June 23, 2004.

Erika Anne Kreider, Tucson, AZ, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, James A. Hunolt, Esq., M. Jocelyn Wright, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

### MEMORANDUM **

Nelson Maldonado–Castro and his wife Seyda Mejia–Almendarez, natives and citizens of Honduras, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming, without opinion, the immigration judge's ("IJ") denial of their applications for asylum and withholding of removal. This Court has jurisdiction under 8 U.S.C. § 1252. This Court reviews the denial of asylum for substantial evidence, *Reyes–Guerrero v. I.N.S.*, 192 F.3d 1241, 1244 (9th Cir.1999), and reviews claims of due process violations in immigration proceedings de novo, *Lopez–Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir.2003). We grant the petition for review, and remand for further proceedings.

The IJ's finding that Petitioners failed to establish persecution on account of one of the enumerated grounds for asylum under 8 U.S.C. § 1101(a)(42)(A) is not supported by substantial evidence. Through credible testimony, petitioner Maldonado–Castro established that there was a causal connection between his persecution by Honduran military officers, and his political opinion as an investigator and whistleblower against Army corruption. *Cf. Reyes–Guerrero*, 192 F.3d at 1245–46. "[W]here the whistle blows against corrupt government officials, it may constitute political activity sufficient to form the basis of persecution on account of political opinion." *Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir.2000). Because Castro–Maldonado's investigation of Army corruption had the potential to expose the criminal activity of a powerful governing institution as a whole, Castro–Maldonado demonstrated that he was persecuted on account of his political opinion. *See id.* (holding that official retaliation against those who prosecute governmental corruption amounts to persecution on account of political opinion when the alleged corruption is intertwined with the operation of the government).

Because the IJ erred in finding that Petitioner's work against official corruption did not constitute political opinion, we reverse the IJ's finding, and hold that Petitioners met their burden of showing of past persecution on account of political opinion. A showing of past persecution gives rise to a presumption of a well-founded fear of future persecution. *See Reyes–Guerrero*, 192 F.3d at 1246. However, we remand to the BIA to give the agency an opportunity to rebut the resulting presumption of a well-founded fear of future persecution by providing an "individualized analysis of how changed conditions will affect the specific petitioner's situation." *Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir.2004) (citation omitted).

Having held that Maldonado–Castro has established past persecution on account of political opinion, we remand under *INS v. Ventura*, 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam), to permit the BIA to conduct further proceedings related to changed country conditions, and to further reconsider Maldonado–Castro's application for withholding of removal. *See Lopez*, 366 F.3d at 805–07.

Petitioner's challenge to the BIA's streamlining procedures is without merit. *See* 8 C.F.R. § 3.1(a)(7)(ii); *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).

**PETITION FOR REVIEW GRANTED in part, and DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.